Filed 5/27/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B335274 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA347638) |
| v. | |
| ROBERT DUENAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Ray G. Jurado, Judge. Reversed and remanded with directions.

Courtney Reed, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2011, a jury convicted Robert Duenas of assault with a semiautomatic firearm, and it found true gang, firearm, and great bodily injury enhancements. The trial court sentenced Duenas to

23 years in prison, including four years for the firearm enhancement and three years for the great bodily injury enhancement. We affirmed Duenas's conviction on direct appeal, and in January 2013, the California Supreme Court denied Duenas's petition for review.

In June 2022, Duenas filed a petition for writ of habeas corpus in this court, challenging his sentence. In August 2022, we issued an order to show cause returnable to the trial court to consider why Duenas was "not entitled to have the [Penal Code][1] section 12022.7 great bodily injury enhancement and the [section] 12022.5 firearm enhancement stayed or have his unauthorized sentence otherwise remedied." After conducting an order to show cause hearing, the trial court imposed and stayed the three-year great bodily injury enhancement, declined to stay or strike the firearm and gang enhancements, and left the six-year midterm on the substantive offense unchanged, reducing Duenas's sentence from 23 years to 20 years.

On appeal, Duenas contends the trial court erred by refusing to conduct a full resentencing hearing, including considering recent ameliorative legislation, such as Assembly Bill No. 333 (2021–2022 Reg. Sess.), Senate Bill No. 567 (2021–2022 Reg. Sess.), and Assembly Bill No. 124 (2021–2022 Reg. Sess.). We agree. As the California Supreme Court has explained, once a court determines that a defendant is entitled to resentencing on habeas review, "the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*People v. Padilla* (2022) 13 Cal.5th 152, 163 (*Padilla*).) Accordingly, once the trial court resentenced Duenas in response to our order to show cause, he was entitled to a full resentencing and retroactive application of new ameliorative legislation. We therefore reverse and remand for a new sentencing hearing.

---

[1] All undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL SUMMARY

In 2011, a jury convicted Duenas of one count of assault with a semiautomatic firearm (§ 245, subd. (b)), and it found true the allegations that Duenas personally used a firearm (§ 12022.5, subd. (a)), inflicted great bodily injury (§ 12022.7, subd. (a)), and committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).  The trial court sentenced Duenas to 23 years in prison, consisting of a six-year midterm plus an additional 10 years for the gang enhancement, four years for the firearm enhancement, and three years for the great bodily injury enhancement.  (*People v. Duenas* (Oct. 12, 2012, B234997) [nonpub. opn.].)

We affirmed Duenas's conviction in October 2012.  (*People v. Duenas*, *supra*, B234997.)  The Supreme Court denied Duenas's petition for review, and the remittitur issued on January 17, 2013, at which point Duenas's judgment became final.

In March 2022, Duenas filed a petition for writ of habeas corpus in the trial court contending the imposition of the firearm, great bodily injury, and gang enhancements were unauthorized based on then-recent case law.  The trial court denied Duenas's petition.

In June 2022, Duenas filed a habeas petition in this court.  In August 2022, we issued an order to show cause returnable to the trial court in which we concluded that Duenas's "sentence violates section 1170.1, subdivisions (f) and (g).  These [subdivisions] forbid twice enhancing a sentence for use of a firearm, or twice enhancing a sentence for inflicting great bodily injury, respectively, on the same victim in a single offense."  We said the order to show cause hearing should resolve why Duenas was "not entitled to have the section 12022.7 great bodily injury enhancement and the [section] 12022.5 firearm enhancement stayed or have his unauthorized sentence otherwise remedied."

On October 4, 2023, the trial court conducted a hearing on the order to show cause. Duenas and the prosecutor agreed that the three-year great bodily injury enhancement should be stayed, but they disagreed on whether the court had the authority to make additional modifications to Duenas's sentence. The parties addressed whether the court could consider Assembly Bill No. 333's changes to the gang enhancement statute after Duenas's sentence had become final. Although the prosecutor agreed with Duenas that the prosecution did not present evidence at trial to prove that Duenas's offense commonly benefitted a street gang under the new changes to the gang enhancement statute, the prosecutor argued that Duenas's sentence remained final even after the court modified it and that "the gang enhancement should not be touched." The court requested counsel to provide additional case law on the question of whether Assembly Bill No. 333's substantive changes to the gang enhancement statute applied retroactively to Duenas.

On October 19, 2023, the trial court issued a written decision modifying Duenas's sentence and reducing it from 23 years to 20 years by imposing and staying the great bodily injury enhancement. The court declined to exercise its discretion to stay or strike the gang allegation and the firearm use allegation. The court also reasoned it had "no jurisdiction to consider the effect of the amendments" to the gang statute because the order to show cause from this court did not address it. The court issued a new abstract of judgment.

Duenas appeals.

## DISCUSSION

Duenas contends the trial court erred when it refused to conduct a full resentencing hearing. Specifically, he argues that once the court granted his habeas corpus petition and reduced his sentence in response to our order to show cause, his judgment became nonfinal and the court was required to reconsider his entire sentence, including whether to

4

apply recent ameliorative legislation, such as Assembly Bill No. 124, Assembly Bill No. 333, and Senate Bill No. 567. We agree.

When a trial court corrects or strikes one part of a sentence, it generally must conduct a full resentencing, at which it "can exercise its sentencing discretion in light of the changed circumstances." (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*).) Under the presumption of retroactivity pronounced in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), the trial court must apply new laws that reduce the possible punishment for a crime when resentencing a defendant whose judgment is not final. (*Padilla, supra*, 13 Cal.5th at p. 158.) It is well-settled that the full resentencing rule and *Estrada*'s presumption of retroactivity apply when a matter is remanded for resentencing on direct review, because the defendant's judgment has yet to become final. (See *People v. Esquivel* (2021) 11 Cal.5th 671, 676.) The issue here is whether Duenas, whose judgment had long been final by the time we issued our order to show cause, was entitled to full resentencing, including application of *Estrada*'s presumption of retroactivity, after the trial court granted his habeas petition and reduced his sentence by imposing and staying the great bodily injury enhancement.

The Supreme Court's decision in *Padilla* is instructive. There, the court addressed whether Proposition 57 applies retroactively where the defendant's sentence, which was final when the legislation went into effect, was later vacated through habeas proceedings. (*Padilla, supra*, 13 Cal.5th at pp. 158–159.) Proposition 57 is a voter-passed initiative that requires all criminal charges against minors be filed in juvenile court and prohibits a juvenile from being tried in adult criminal court without first being afforded a transfer hearing. (*Padilla*, at p. 159.) In an opinion predating *Padilla*, the Supreme Court held that Proposition 57 retroactively applies to criminal judgments that have yet to become final because it is ameliorative legislation that

reduces a defendant's possible punishment.  (*Padilla*, at p. 160, citing *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 309.)

The defendant in *Padilla* was sentenced to life without the possibility of parole after murdering his mother and conspiring to kill his stepfather when he was a juvenile.  (*Padilla*, *supra*, 13 Cal.5th at p. 159.)  The defendant successfully challenged his sentence through a habeas petition.  (*Ibid*.)  After his sentence was vacated, but before his new sentencing hearing, voters passed Proposition 57.  (*Padilla*, p. 159.)  At the new sentencing hearing, the trial court reimposed life without the possibility of parole.  (*Ibid*.)  The defendant appealed, "arguing that he was entitled to a transfer hearing under Proposition 57 because his case became nonfinal once his sentence was vacated."  (*Ibid*.)  The appellate court agreed and remanded the matter with directions for the trial court to hold a transfer hearing under Proposition 57.  (*Padilla*, at p. 159.)

The Supreme Court affirmed the appellate court's decision, explaining that when the defendant's sentence was vacated, the judgment became nonfinal and "the trial court regained the jurisdiction and duty to consider what punishment was appropriate for him, and [the defendant] regained the right to appeal whatever new sentence was imposed."  (*Padilla*, *supra*, 13 Cal.5th at pp. 161–162.)  Once the defendant's judgment became nonfinal, Proposition 57 applied to his resentencing.  (*Padilla*, at p. 170.)

The Supreme Court explained how a final judgment becomes nonfinal on habeas review.  Generally, a judgment is final when " ' "the judgment of conviction [has been] rendered, the availability of appeal [has] exhausted, and the time for petition for certiorari ha[s] elapsed." ' "  (*Padilla*, *supra*, 13 Cal.5th at p. 162.)  Once that process ends, the defendant may collaterally attack the judgment, such as through a petition for habeas corpus.  (*Ibid*.)  Although the filing of a habeas corpus petition, by itself, does not make a judgment nonfinal,

6

when a court on habeas review "has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*Id.* at p. 163.) The judgment is nonfinal at that point because the trial court has regained the jurisdiction and obligation to consider what sentence is appropriate, and the defendant has regained the right to appeal the trial court's new sentencing decision. (*Id.* at pp. 161–162.)

Applying the same rationale here, Duenas's sentence was vacated once the trial court granted his habeas petition and resentenced him in response to our order to show cause. (*Padilla, supra,* 13 Cal.5th at p. 162.) At that point, Duenas's judgment was nonfinal and the trial court was required to conduct a full resentencing hearing. (*Id.* at pp. 162–163; see also *Buycks, supra,* 5 Cal.5th at p. 893 [the trial court is required to conduct a full resentencing as to all aspects of a sentence once "part of the defendant's sentence" is revisited].) Indeed, no one disputes that once the trial court modified Duenas's sentence, Duenas gained the right to appeal that decision, a hallmark of a nonfinal judgment. (See *Padilla,* at pp. 161–162.)

While neither this court nor the trial court stated that it was vacating Duenas's sentence, such language was not required to render the judgment nonfinal. As the Supreme Court in *Padilla* explained, once the trial court determines that a defendant is entitled to resentencing on habeas review, "*the result is vacatur* of the original sentence, whereupon the trial court may impose any appropriate sentence." (*Padilla, supra,* 13 Cal.5th at p. 163, italics added.) In other words, vacatur of the original sentence occurs automatically once a court determines that it must resentence the defendant. That is what occurred here. When the trial court granted Duenas's habeas petition and resentenced him, the result was vacatur of Duenas's original sentence. (*Ibid.*) At that point, Duenas's sentence was nonfinal because the trial court regained the jurisdiction and obligation to reconsider

Duenas's entire sentence, and Duenas regained the ability to appeal whatever sentencing decision the trial court made. (*Id.* at pp. 161–162.)

In *People v. Esquivias* (2024) 103 Cal.App.5th 969, review granted October 2, 2024, S286371 (*Esquivias*), our colleagues in Division Two held that a judgment does not necessarily become nonfinal when a court grants habeas relief and modifies only a specific aspect of a defendant's sentence. (*Id.* at pp. 975–976.) There, the trial court granted the defendant's habeas petition, finding the defendant was eligible for retroactive relief under Senate Bill No. 620 (2017–2018 Reg. Sess.), which granted courts discretion to dismiss firearm enhancements, because that legislation went into effect before the defendant's judgment became final. (*Esquivias*, at pp. 971–974.) The trial court struck all the defendant's firearm enhancements, reducing his sentence by more than 38 years. (*Id.* at p. 974.) The court refused, however, to conduct a full resentencing hearing, explaining that it "lacked 'jurisdiction' to 'include every ameliorative change in law up to today's date.' " (*Ibid.*) The defendant appealed, arguing that "once the court agreed to revisit one part of his sentence, it was obligated to revisit his entire sentence—and vacate his underlying convictions—in light of new laws that took effect after his convictions became final." (*Id.* at p. 972.)

Division Two affirmed, explaining "that a trial court is *not* obligated to revisit a defendant's *entire* sentence on habeas corpus review merely because it grants review to revisit a portion of that sentence." (*Esquivias*, *supra*, 103 Cal.App.5th at p. 976, review granted.) The court explained that under the law regarding habeas corpus review, "[a] trial court has discretion in deciding how to exercise its habeas corpus jurisdiction and may limit a grant of habeas corpus review to a 'specific claim or claims' presented in a petition." (*Id.* at pp. 976–977.) The court found that the defendant's sentence had not been vacated or recalled but "remained intact and final except to the

extent the trial court granted habeas corpus review of the firearm enhancements." (*Id*. at p. 980.)

*Esquivias* also concluded that a " 'revisit-*any*-on-habeas, revisit-*all*-on habeas' rule would inevitably lead to 'cascading retroactivity,' " which would be "problematic for several reasons." (*Esquivias*, *supra*, 103 Cal.App.5th at pp. 977–978, review granted.) First, the court found that such a rule would be "inconsistent with legislative intent" because it would "effectively mak[e] all ameliorative relief statutes fully retroactive," thereby rewriting "the text of statutes and ignor[ing] legislative intent" in cases where the Legislature opted not to make a statute fully retroactive. (*Id*. at p. 978.) Second, the court concluded that such a rule could "end up *hurting* defendants," as it may discourage trial courts that are inclined to grant relief as to part of a sentence to elect not to grant any relief for fear that they will have to grant relief as to the entire sentence. (*Ibid*.)

We decline to follow *Esquivias*. To be sure, we do not disagree with its conclusion that courts have discretion in deciding how to exercise habeas jurisdiction and generally may limit a grant of habeas review "to a 'specific claim or claims' presented in a petition." (*Esquivias*, *supra*, 103 Cal.App.5th at pp. 976–977, review granted.) It is the rule that the issues in habeas proceedings are "defined by the pleadings and 'may not extend beyond the claims alleged in the habeas corpus petition.' " (*In re Kavanaugh* (2021) 61 Cal.App.5th 320, 342.)

But that general rule of pleading has no application here. The question in this case is whether a judgment becomes nonfinal, thereby requiring the trial court to conduct a full resentencing and apply the *Estrada* presumption of retroactivity, when a defendant is resentenced following a successful habeas petition. As we just explained, the Supreme Court answered that question in the affirmative in *Padilla*. (See *Padilla*, *supra*, 13 Cal.5th at pp. 160–170.) We must follow that decision here. (See *Auto Equity Sales, Inc. v. Superior Court of Santa*

9

*Clara County* (1962) 57 Cal.2d 450, 455 [decisions of the California Supreme Court "are binding upon and must be followed by all state courts of California"].)

We also disagree with *Esquivias*'s conclusion that a threat of "cascading retroactivity" precludes a judgment from becoming nonfinal when a court determines a defendant is entitled to resentencing on habeas review. The Supreme Court recently rejected a similar argument in *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*). While the court acknowledged that requiring retroactive application of ameliorative legislation to all nonfinal judgments may lead to "practical concerns," such concerns alone could not bar application of the *Estrada* presumption of retroactivity, so long as there were no "constitutional obstacles" barring application of that presumption. (*Lopez*, at p. 399.) *Esquivias* did not identify any constitutional obstacles to applying the full resentencing rule and the *Estrada* presumption of retroactivity whenever a court determines a defendant is entitled to resentencing on habeas review. (See *Lopez*, at p. 399, quoting *People v. McKenzie* (2020) 9 Cal.5th 40, 48 [because "the People offer no basis for concluding that the [ameliorative legislation] may not 'be applied constitutionally' to defendant," applying that legislation "in this case is fully consistent with *Estrada*"].)

The Supreme Court also rejected the argument that retroactively applying ameliorative legislation to all nonfinal judgments would conflict with legislative intent. The court explained that in light of *Estrada*, we must presume the Legislature was aware that retroactive application of ameliorative legislation could result in retrials of substantive offenses and sentencing enhancements, and that, if the Legislature wished to avoid such retrials, it could have " 'provide[d] for a different or more limited form of retroactivity, or for no retroactivity at all.' " (*Lopez*, *supra*, 17 Cal.5th at p. 399.)

The People contend that even if Duenas's sentence became nonfinal and he was entitled to a full resentencing hearing once the trial court granted his habeas petition, the portion of his judgment encompassing the jury's findings on the gang enhancement remained final. Consequently, the People argue, the trial court was not required to retroactively apply Assembly Bill No. 333's substantive changes to the gang enhancement statute. The Supreme Court rejected this argument in *Lopez*, *supra*, 17 Cal.5th 388.

Assembly Bill No. 333, which went into effect on January 1, 2022, made significant substantive changes to section 186.22, the gang enhancement statute. (*Lopez*, *supra*, 17 Cal.5th at pp. 395–396.) Among other things, Assembly Bill No. 333 " 'narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any "common benefit" be "more than reputational." ' " (*Lopez*, at p. 396.) As we noted above, the People acknowledged at the October 4, 2023 hearing on our order to show cause that the only evidence they introduced for the common benefit element of the gang enhancement at Duenas's original trial was that the underlying offenses provided the gang a reputational benefit.

In *Lopez*, the Supreme Court held that Assembly Bill No. 333's substantive changes to the gang enhancement statute apply retroactively to all nonfinal judgments. (*Lopez*, *supra*, 17 Cal.5th at pp. 394–400.) For purposes of applying *Estrada*'s presumption of retroactivity, the court explained that the focus is on " 'whether the criminal prosecution or proceeding *as a whole* is complete.' " (*Lopez*, at p. 392.) The "judgment" in that context means both the judgment of conviction and the sentence. (*Id.* at p. 395.) Although a judgment becomes final after the conviction is rendered, the availability of appeal is exhausted, and the time to petition for certiorari has expired, a final judgment can become nonfinal when reopened through a collateral

11

attack.  (*Id*. at p. 398, quoting *Padilla, supra*, 13 Cal.5th at pp. 162–163.)

The Supreme Court rejected the People's argument that the part of a defendant's judgment related to a gang enhancement remains final even though the defendant's sentence has been vacated.  (*Lopez, supra*, 17 Cal.5th at pp. 397–399.)  That is because the judgment of conviction, including any findings related to a gang enhancement, and the sentence are "synonymous in criminal actions."  (*Id*. at p. 399.)  Thus, after a defendant's judgment becomes nonfinal, the *Estrada* presumption of retroactivity applies to the defendant's entire case.  (*Lopez*, at pp. 399–400.)

As we explained above, once the trial court granted Duenas's habeas petition and determined that he was entitled to resentencing, the result was vacatur of his sentence, which rendered his entire judgment nonfinal.  (*Padilla, supra*, 13 Cal.5th at p. 163.)  Because his judgment is nonfinal, Duenas is entitled under *Lopez* to retroactive application of Assembly Bill No. 333's substantive changes to the gang enhancement statute.  (*Lopez, supra*, 17 Cal.5th at p. 400.)  Likewise, Duenas is entitled to retroactive application of all recent ameliorative legislation, including Senate Bill No. 567 (Stats. 2021, Ch. 731, § 1.3) and Assembly Bill No. 124 (Stats. 2021, ch. 695, §§ 5–6), which amended the determinate sentencing law under section 1170, subdivision (b) to, among other things, make the low term sentence the presumptive sentence under certain enumerated circumstances.  (See *People v. Todd* (2023) 88 Cal.App.5th 373, 377 [Senate Bill No. 567 applies retroactively to nonfinal judgments]; see *People v. Banner* (2022) 77 Cal.App.5th 226, 240 [same for Assembly Bill No. 124].)

12

## DISPOSITION

The judgment is reversed, and the cause is remanded for a new resentencing hearing at which the court is directed to consider all components of Duenas's sentence.


VIRAMONTES, J.


I CONCUR:


STRATTON, P. J.

**GRIMES, J.**

I respectfully dissent. Defendant's arguments for a new and full resentencing hearing were recently rejected in a well-reasoned decision from our colleagues in Division Two: *People v. Esquivias* (2024) 103 Cal.App.5th 969, review granted October 2, 2024, S286371 (*Esquivias*). There, the trial court granted in part the defendant's habeas corpus petition, declining the defendant's request to grant the petition entirely, vacate his sentence and conduct a full resentencing. (*Id.* at p. 974.) *Esquivias* affirmed, saying "[w]e hold that a trial court is *not* obligated to revisit a defendant's *entire* sentence on habeas corpus review merely because it grants review to revisit a portion of that sentence." (*Id.* at p. 976.)

The majority declines to follow *Esquivias*, but I find its reasoning persuasive. *Esquivias* explains in detail that it is inconsistent with the law governing postconviction criminal procedure, and particularly with the law governing habeas corpus, to require a trial judge to revisit all aspects of a defendant's sentence when it has granted a habeas petition on a specific part of the sentence. (*Esquivias, supra,* 103 Cal.App.5th at pp. 976–977, 979, review granted.) Further, *Esquivias* identifies other bases for finding a " 'revisit-*any*-on-habeas, revisit *all* on habeas' " rule problematic. (*Esquivias,* at pp. 977–978.) And, *Esquivias* explains how the different procedural postures of the Supreme Court's *Padilla* and *Buycks* cases suggest their holdings do not support the broader principle for which they are relied on in this case. (*Id.* at p. 979; see *People v. Padilla* (2022) 13 Cal.5th 152, 162–164 (*Padilla*) [grant of habeas corpus relief to vacate a sentence renders that sentence "nonfinal" for purposes of applying ameliorative relief statutes];

*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*) ["full resentencing" as to *all* aspects of a sentence is required if a "part of a sentence" is revisited].)

I recognize that in *Padilla,* the Supreme Court stated that "once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*Padilla, supra,* 13 Cal.5th at p. 163.)  But, as *Esquivias* cogently explained, that procedural posture is quite different from the one presented here, where the trial court was directed to resolve defendant's entitlement to a stay of two specific enhancements "or have his unauthorized sentence otherwise remedied."

Thus *Esquivias* explains that "[i]n *Padilla*, the question was the effect of an earlier order on a habeas corpus petition that had already vacated the defendant's entire sentence (*Padilla*, *supra*, 13 Cal.5th at p. 158); here, the question is whether a court is required to vacate the entire sentence in the first place.  In *Buycks*, the question was the effect of an earlier order that had already recalled a sentence under [Penal Code] section 1170.18 (*Buycks*, *supra*, 5 Cal.5th at pp. 873, 893–895); here, the question is whether a court is required to recall the entire sentence in the first place." (*Esquivias, supra,* 103 Cal.App.5th at p. 979, review granted.)  *Esquivias* concludes that "there was no prior remand order from this court vacating defendant's sentence; defendant's sentence remained intact and final except to the extent the trial court granted habeas corpus review of the firearm enhancements." (*Id.* at p. 980.)

Here, as in *Esquivias,* there was no order from this court vacating or recalling defendant's entire sentence.  We issued an order to show cause returnable to the superior court to consider a

2

specific issue related to the sentence:  the imposition of all three sentence enhancements with respect to one victim in violation of Penal Code section 1170.1, subdivisions (f) and (g).  Our order to the trial court to either stay the enhancements or otherwise remedy the unauthorized sentence did not expand the scope of the resentencing beyond the great bodily injury and firearm enhancements.  The trial court held the order to show cause hearing and, in my view, correctly granted limited relief as to that portion of the sentence.

That brings me to the recent case of *People v. Lopez* (2025) 17 Cal.5th 388 (*Lopez*), a case the Supreme Court decided six months after the court of appeal decision in *Esquivias*.

In *Lopez,* the Court of Appeal had affirmed the conviction but modified the sentence and conditionally reversed, remanding the matter to the trial court for further sentencing in light of the then-recent passage of Senate Bill No. 620 (2017–2018 Reg. Sess.) and Senate Bill No. 1393 (2017–2018 Reg. Sess.), which expanded the trial court's authority to strike or dismiss certain enhancements in the furtherance of justice under Penal Code section 1385.  (*Lopez, supra,* 17 Cal.5th at p. 393.)  While the defendant was awaiting resentencing in the trial court, the Legislature enacted Assembly Bill No. 333, which applies retroactively to all nonfinal cases under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).  (*Lopez,* at p. 394.)

The *Lopez* court held, "Because *Estrada* requires ameliorative legislation to be applied as broadly as constitutionally permissible, and because Lopez's judgment was not reduced to a final disposition, his case is not final for purposes of *Estrada.*  Accordingly, he is entitled to retroactive application of Assembly Bill 333's substantive changes." (*Lopez,*

3

*supra*, 17 Cal.5th at p. 400.)  In the course of discussing the Attorney General's argument that "a judgment can have final and nonfinal parts for *Estrada* purposes" (*id.* at p. 397), the *Lopez* court explained its decision in *Padilla,* where the judgment "became nonfinal after Padilla's 'sentence was vacated on habeas corpus' " and the case was returned to the trial court for imposition of a new sentence.  (*Lopez,* at p. 398.)  *Lopez* said that once a defendant's sentence has been vacated, the defendant's judgment becomes nonfinal, whether that occurs on initial review or in a habeas proceeding.  (*Lopez,* at p. 398 ["A defendant whose sentence is vacated ' "regain[s] the right to appeal whatever new sentence was imposed," ' and the judgment becomes nonfinal." (*Lopez,* at p. 398, quoting *Padilla,* at pp. 161–162.)

At oral argument, in discussing *Lopez* with counsel, the court acknowledged this appeal could go "either way," either finding *Lopez* compels a full resentencing hearing that is not limited to the great bodily injury and firearm enhancements, or that *Lopez* is distinguishable from *Esquivias*.  I recognize that, since the Supreme Court has granted review of *Esquivias*, the majority opinion here may be adopted, in whole or in part, by our Supreme Court in the future.  But respectfully, and pending further guidance from the Supreme Court in *Esquivias*, I do not believe *Lopez* effectively overruled *Esquivias*, but rather that *Lopez* is distinguishable from *Esquivias*.

As mentioned, *Lopez* was a direct appeal from the judgment of conviction, not a habeas proceeding.  Unlike *Lopez,* here defendant's sentence had been final for 11 years.  Here, there was no order vacating defendant's entire sentence, but rather a discrete and specific order concerning the firearm and great bodily injury enhancements.  *Esquivias* aptly explains why

habeas proceedings differ from cases under direct review where an appellate court has vacated a sentence. (*Esquivias, supra,* 103 Cal.App.5th at pp. 978–980, review granted.)

I cannot adhere to the majority's view that vacatur of the entire original sentence "occurs automatically" (maj. op., *ante* at p. 7) when the trial court issues an order to show cause confined to a specifically identified part of the sentence. In my view, defendant's sentence remained intact and final except to the extent the trial court granted habeas relief as to the great bodily injury enhancement.

Again, I acknowledge the *Lopez* court's principle that once a defendant's sentence has been vacated, the defendant's judgment becomes nonfinal, whether that occurs on initial review or in a habeas proceeding. (*Lopez, supra,* 17 Cal.5th at p. 398.) But, applying that rule here, where there has been no order vacating the sentence in its entirety, "would mandate the grant of habeas corpus review as to an entire sentence whenever a trial court grants review on one part of that sentence. By depriving trial courts of their long-standing discretion to tailor their exercise of habeas corpus jurisdiction, we would be converting habeas corpus from an elegant, issue-specific scalpel into a blunt, 'in for a penny, in for a pound' cudgel." (*Esquivias, supra,* 103 Cal.App.5th at p. 977, review granted.)

If the Supreme Court intended to make such a significant change to habeas corpus procedure, I believe they would say so explicitly. In the meantime, I do not believe *Esquivias* is inconsistent with *Lopez*, and I would not apply *Lopez* as the majority has here.


GRIMES, J.